# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CHRISTIAN LICCIARDI, an individual, | Case Number: 1:16-CV-3000-NYW |
| Plaintiff, | |
| v. | DEMAND FOR JURY TRIAL |
| LUTHERAN HOSPITAL ASSOCIATION OF THE SAN LUIS VALLEY d/b/a SAN LUIS VALLEY REGIONAL MEDICAL CENTER, a Colorado Corporation; WILLIAM COOPER, an individual; RADIOLOGY AND IMAGING CONSULTANTS, P.C., a Colorado Corporation; JEFFREY FREEMAN, an individual; STEVEN HAKE, an individual; VALLEY-WIDE HEALTH SYSTEMS, INC., a Colorado Corporation; and KYLE PHILLIPS, an individual, | |
| Defendants. | |

**FIRST AMENDED COMPLAINT FOR: MEDICAL MALPRACTICE**

Plaintiff Christian Licciardi hereby states and alleges as follows:

## INTRODUCTION

This case arises from the negligent action and inaction employed by Lutheran Hospital Association of the San Luis Valley d/b/a San Luis Valley Regional Medical Center, William Cooper, Radiology and Imaging Consultants, P.C., Jeffrey Freeman, Steven Hake, Valley-Wide Health Systems, Inc., and Kyle Phillips (collectively "defendants") that ultimately resulted in life-altering brain injuries to plaintiff Christian Licciardi ("plaintiff"). Despite clear signs and symptoms that plaintiff was suffering from a grave brain abscess, defendants failed to take the

appropriate measures to remedy plaintiff's condition. Due to the aforementioned negligence, plaintiff now suffers from permanent brain damage and permanent neurological deficits.

## THE PARTIES AND JURISDICTION

1. Plaintiff Christian Licciardi ("Licciardi") is an individual, and resides in Riverside County, California.

2. Defendant Lutheran Hospital Association of the San Luis Valley d/b/a San Luis Valley Regional Medical Center ("SLV") is a Colorado-based Nonprofit corporation with its principal place of business located at 106 Blanca Avenue, Alamosa, CO 81101.

3. Defendant William Cooper, MD ("Cooper") is an individual, and is a resident of Colorado.

4. Radiology and Imaging Consultants, P.C. is a Colorado professional corporation with its principal place of business at 7710 N. Union Blvd, Suite 101, Colorado Springs, CO 80920.

5. Defendant Jeffrey Freeman ("Freeman") is an individual, and is a resident of Colorado.

6. Defendants Steven Hake ("Hake") is an individual, and is a resident of Colorado.

7. Valley-Wide Health Systems, Inc., is a Colorado corporation with its principal place of business at 128 Market St., Alamosa, CO 81101.

8. Kyle Phillips ("Phillips") is an individual, and is a resident of Colorado.

9. On information and belief, each of the Defendants herein are agents and employees of each of the other Defendants, and proximately caused Plaintiff's damages while acting in such capacity.

10. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity between the parties, as they are citizens of different states.

11. Venue in this district is proper pursuant to 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the Complaint occurred in this district.

## STATEMENT OF FACTS

12. On November 2, 2015, Licciardi visited the SLV emergency room with a headache and nausea.

13. SLV staff sent Licciardi home encouraging him to monitor his ailment for the time being.

14. The next day, November 3, 2015, the symptoms had not resolved. Licciardi returned to the SLV emergency room complaining of a headache, pain to the left side of his face, and nasal congestion. Licciardi was again sent home.

15. The next day, November 4, 2015, Licciardi returned to the SLV emergency room

complaining of increased left sided head pain in addition to his other symptoms. Licciardi was "groggy" and described symptoms of "paresthesia."

16. On November 4, 2015, Licciardi underwent a CT scan of his head without contrast that revealed inflammation of the left nasal passages indicating sinusitis (i.e. an infection of the left sinuses). Licciardi was prescribed Afrin and discharged with Compazine medication to treat nasal congestion and nausea and vomiting respectively.

17. The symptoms did not resolve, so Licciardi went back to the SLV emergency room on November 8, 2015, with his father, Joe Licciardi. Licciardi reported that his headache had been so severe that it caused him to vomit.

18. Despite the fact that Licciardi's headache persisted and he was vomiting and suffering from pain to the left side of his face for a week, the SLV personnel seemed confident that Licciardi's symptoms were related to a concussion.

19. Licciardi was then referred to Dr. William Cooper, a neurologist employed at the Monte Vista Community Clinic, a health clinic under the control of SLV. Before Licciardi could even see Cooper, he made another visit to the SLV emergency room on November 9, 2015, with the same symptoms.

20. On November 9, 2015, Licciardi was seen by Kyle Phillips, a nurse practitioner at Valley-Wide Health Systems, Inc. Phillips ordered an MRI of the head both with contrast and without contrast. An MRI with contrast more fully delineates the presents of any foreign matter

and therefore is necessary to rule out such things as abscesses, pus, or empyema in the head. However, despite the order by Phillips for an MRI with contrast, it was never performed, as Dr. Cooper decided to do only an MRI without contrast.

21. On November 10, 2015, Licciardi returned to the SLV emergency room. Licciardi's symptoms included: severe headache, forehead swelling, neck pain, and fever. This time, Licciardi was admitted to the hospital.

22. While admitted, an MRI and CT scan of the head, both without contrast were performed on November 11, 2015.

23. Dr. Steven Hake with Radiology and Imaging Consultants, P.C. analyzed the MRI and reported "bilateral maxillary mucosal thickening worse on the left." Dr. Jeffrey Freeman, also with Radiology and Imaging Consultants, P.C., analyzed the CT and did not find any abnormality. Neither Dr. Hake nor Dr. Freeman compared the scans of November 11 to the scan performed on November 4. If they had, they would have notice a worsening of the sinusitis between November 4 and November 11 as well as a significant increase in swelling of the front of the head between such dates. In addition, the scans of November 11 showed that pus appeared to be seeping into the brain resulting in the pooling of pus (known as an epidural abscess or empyema) in the brain.

24. The presence of such foreign matter in the brain is a life-threatening emergency condition that must be addressed quickly. However, this condition was not addressed by

Licciardi's medical providers as his treating physicians and radiologist misdiagnosed his scans, failed to conduct the proper comparisons of his previous scans, and thus misdiagnosed his condition.

25. Instead, Dr. Cooper, diagnosed Licciardi with post-concussive syndrome with a viral syndrome. Cooper discharged Licciardi to home.

26. Licciardi visited Valley-Wide Health Systems on November 16, 2015. He exhibited the same symptoms (severe headache, vomiting, left facial pain, swollen head) and also had a swollen tongue. At that time, he was seen by nurse practitioner, Kyle Phillips. Phillips did not follow-up on why an MRI with contrast, that he previously ordered, was not done. Instead, Phillips continued to treat him as if he had benign sinusitis or viral meningitis, which is a self-correcting condition not requiring immediate medical intervention. Instead, Phillips continued to prescribe numerous medications to mask the symptoms instead of taking the proper action to rule out the true life-threatening conditions that were affecting Licciardi.

27. Licciardi again visit Valley Wide Health Systems on November 19, 2015. He presented with the same symptoms. Again he saw nurse practitioner, Kyle Phillips. Phillips again merely provided multiple medications to mask Licciardi's pain, but did nothing to discover or rule out the true life-threatening conditions that Licciardi was suffering.

28. Licciardi left for California on November 25, 2015 to visit his family for thanksgiving. Licciardi's symptoms and pain had not resolved but worsened, as he was running

out of the multiple pain medications prescribed to him in Colorado (which only served to mask his true condition). On November 27, 2015, he visited Loma Linda University Medical Center ("LLUMC") where he was seen by an Emergency Department physician. Licciardi was sent home after an evaluation.

29. On November 29, 2015, Licciardi again presented himself to LLUMC's emergency room and underwent imaging that revealed that he was suffering from a subdural empyema (brain abscess).

30. Licciardi had to undergo a craniotomy to address the empyema. This was only partially successful, and given the severity of the condition, Licciardi has had to undergo multiple surgeries to his brain and has endured numerous strokes.

31. Licciardi now suffers from permanent brain damage and permanent neurological deficits. Licciardi has lost all motor skills to right side of his body, starting from his head to his feet. Christian also has lost cognitive skills and cannot understand conversations, or communicate other than offering simple, short-phrased words.

32. As a result of defendants' negligence, plaintiff has been damaged in an amount to be proven at trial.

**FIRST CAUSE OF ACTION**
**(MEDICAL NEGLIGENCE)**
**(BY LICCIARDI AGAINST ALL DEFENDANTS)**

33. Licciardi incorporates by reference all of the paragraphs set for the above.

34. Defendants failed to conform to the standard of care recognized in the community for the same medical professions practiced by defendants. Said care consists of, among other things:

   a. Ruling out dangerous, serious, or life-threatening conditions and diseases and implementing the most effective treatments.
   b. Properly reading the diagnostic scans that are undertaken.
   c. Properly taking into the account the history of the patient such as comparing earlier scans to show the progression of a disease.
   d. Listening and acknowledging the orders of other medical providers
   e. Not merely masking painful symptoms through a barrage of pain medicines.

35. As a result of the below standard of care practice, the defendants failed to properly diagnose or treat the conditions and disease that Licciardi was suffering. As a proximate and legal result of this practice, Licciardi has suffered severe and significant damage which will affect him for the remainder of his life. Such damages, among other things, will require the presence of lifetime, 24 hour care. Licciardi, once a healthy male of 22, is now unable to undertake even the simplest of daily activities such as walking or talking.

**WHEREFORE, LICCIARDI PRAYS AS FOLLOWS:**

1. With respect to all causes of action for compensatory damages in an amount to be proven at trial.

2. For prejudgment interest and costs and attorney's fees.

3. For such other and further relief as the Court deems just and proper.

DATED this 23 day of February, 2017.

Respectfully submitted,

**WELLMAN & WARREN LLP**
Scott W. Wellman (CA SBN 82897)
Chris Wellman (CA SBN 304700)

s/Scott Wellman
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
Tel: (949) 580-3737
Fax: (949) 580-3738
E-mail address: swellman@w-wlaw.com
cwellman@w-wlaw.com

LAW OFFICE OF KATHERINE WINDLER
Katherine Windler (CO SBN 25280)
3737 Gill Drive
Denver, CO 80209
Tel: (303) 888-4610
Cell: (310) 699-2025
E-mail address: kwindler@verizon.net

Attorneys for Plaintiff, Christian Licciardi

[CONTINUED ON THE FOLLOWING PAGE]

## DEMAND FOR JURY TRIAL

Licciardi hereby demands a trial by jury.


Dated: February 23, 2017


                                            By: s/Scott Wellman
                                                 Scott Wellman
                                                 Chris Wellman
                                                 Attorneys for Plaintiff, Christian Licciardi


                                            By: s/Katherine M. Windler
                                                 Katherine M. Windler
                                                 Attorneys for Plaintiff, Christian Licciardi

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of February, 2017 I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which automatically sent email notification of such filing to all counsel who have entered an appearance in this action:

Katherine Anne Bailey
Bruce Montoya
Messner Reeves LLP
1430 Wynkoop St., Suite 300
Denver, CO 80202
Phone Main (303) 623-1800
Phone: Direct (303) 534-9345
kbailey@messner.com
bmontoya@messner.com

Attorneys for Defendant Jeffrey Freeman

Barbara Hruby Glogiewicz
Fennmore Craig
1700 Lincoln St., Suite 2400
Denver, CO 80203
Phone (303) 291-3200
Fax (303) 291-3201
bglogiewicz@fclaw.com

Attorneys for Defendant Radiology and Imagining Consultants, P.C.

Lena Kathleen Moeller
Kathleen Chambers Warner
White and Steele, P.C.
600 Seventeenth St., Suite 600N
Denver, CO 80202
Phone (303) 296-2828

Fax (303) 296-3131
lmoeller@wsteele.com
kwarner@wsteele.com

Attorneys for Defendants Lutheran Hospital Assoc.
Of the San Luis Valley d/b/a San Luis Valley Regional
Medical Center and William Cooper

By: s/Scott Wellman
Scott Wellman