IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| PATRICE STEPHENSON-LICCIARDI<br>As Legal Representative of<br>CHRISTIAN LICCIARDI,<br>an individual,<br><br><br>       Plaintiff,<br>v.<br>LUTHERAN HOSPITAL<br>ASSOCIATION OF THE SAN LUIS<br>VALLEY d/b/a SAN LUIS VALLEY<br>REGIONAL MEDICAL CENTER, a<br>Colorado Corporation; WILLIAM<br>COOPER, an individual; RADIOLOGY<br>AND IMAGING CONSULTANTS,<br>P.C., a Colorado Corporation;<br>JEFFREY FREEMAN, an individual;<br>STEVEN HAKE, an individual;<br>PATRICK MARTIN, an individual;<br>U.S.A.; and CLAUD BAYS, an<br>individual<br>       Defendants. | Civil Action No.: 16-cv-3000 RBJ<br>*[consolidated with Civil Action<br>No. 17-cv-02464]*<br><br><br><br><br>DEMAND FOR JURY TRIAL |

**THIRD -AMENDED COMPLAINT FOR:  MEDICAL MALPRACTICE**

Plaintiff Christian Licciardi hereby states and alleges as follows:

## INTRODUCTION

This case arises from the negligent action and inaction employed by Lutheran Hospital Association of the San Luis Valley d/b/a San Luis Valley Regional Medical Center, William Cooper, Radiology and Imaging Consultants, P.C., Jeffrey Freeman, Steven Hake, Valley-Wide Health Systems, Inc., Patrick Martin, Claud Bays, and Kyle Phillips, (collectively "Defendants") that ultimately resulted in life-altering brain injuries to plaintiff Christian Licciardi ("Plaintiff"). Despite clear signs and symptoms that Plaintiff was suffering from a grave brain abscess, Defendants failed to take the appropriate measures to remedy Plaintiff's condition. Due to the aforementioned negligence, Plaintiff now suffers from permanent brain damage and permanent neurological deficits.

## THE PARTIES AND JURISDICTION

1.      Plaintiff Christian Licciardi ("Licciardi") is an individual, and resides in Riverside County, California.

2.      Defendant Lutheran Hospital Association of the San Luis Valley d/b/a San Luis Valley Regional Medical Center ("SLV") is a Colorado-based Nonprofit

corporation with its principal place of business located at 106 Blanca Avenue, Alamosa, CO 81101.

3.     Defendant William Cooper, MD ("Cooper") is an individual, and  a resident of Colorado.

4.     Radiology and Imaging Consultants, P.C. is a Colorado professional corporation with its principal place of business at 7710 N. Union Blvd, Suite 101, Colorado Springs, CO 80920.

5.     Defendant Jeffrey Freeman ("Freeman") is an individual, and  a resident of Colorado.

6.     Defendants Steven Hake ("Hake") is an individual, and a resident of Colorado.

7.     Valley-Wide Health Systems, Inc., is a Colorado corporation with its principal place of business at 128 Market St., Alamosa, CO 81101.

8.     Kyle Phillips ("Phillips") is an individual, and a resident of Colorado.

9.     Patrick Martin ("Martin") is an individual, and  a resident of Colorado.

10.     Claud Bays ("Bays") is an individual, and a resident of Colorado.

11.     On information and belief, each of the Defendants herein are agents and employees of each of the other Defendants, and proximately caused Plaintiff's damages while acting in such capacity.

12.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity between the parties, as they are citizens of different states.

13.     Venue in this district is proper pursuant to 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the Complaint occurred in this district.

## STATEMENT OF FACTS

14.     On November 2, 2015, Licciardi visited the SLV emergency room with a headache, pain to the left side of his face, and nausea. SLV diagnosed Licciardi's condition as concussion.

15.     SLV staff sent Licciardi home encouraging him to monitor his ailment for the time being.

16.     The next day, November 3, 2015, the symptoms had not resolved. Licciardi returned to the SLV emergency room complaining of a headache, pain to the left side of his face, and nasal congestion.  Licciardi was again sent home.

17.     The next day, November 4, 2015, Licciardi returned to the SLV emergency room complaining of increased left sided head pain in addition to his other symptoms. Licciardi was "groggy" and described symptoms of "paresthesia."

18.     On November 4, 2015, Licciardi underwent a CT scan of his head without contrast that revealed inflammation of the left maxillary and ethmoid sinuses indicating sinusitis (i.e. an infection of the left sinuses). Licciardi was prescribed Afrin and discharged with Compazine medication to treat nasal congestion and nausea and vomiting respectively.

19.     The symptoms did not resolve, so on November 7, 2015, Licciardi went to the urgent care center of Valley Wide (his primary care provider) complaining of the same symptoms. Licciardi was sent home.

20.     Because the symptoms were becoming worse, Licciardi, with his father (who had traveled from California to Colorado because his son's symptoms were not resolving), went bac to the SLV emergency room the next day, November 8,

2015. Licciardi reported that his headache had been so severe that it caused him to vomit. He again was sent home.

21.    On November 9, 2015, the symptoms had not resolved, and were becoming even worse. In addition, Licciardi was experiencing significant swelling of his face and forehead. Licciardi returned to Valley Wide and was seen by Mr. Phillips. He was medicated and again sent home.

22.    On the morning of November 10, 2015, Licciardi's headache and pain had not resolved and the swelling to his face and forehead increased. Licciardi immediately returned to the SLV ER. Licciardi explained that the headaches he had been experiencing were different and worse than any headache he had experienced before. In addition, he was experiencing fever, stiff neck, photophobia, sinus pain, vomiting and elevated white blood counts, among other symptoms.

23.    Despite the fact that Licciardi's headache persisted, his vomiting continued, and he was still suffering from pain to the left side of his face for a week, the SLV personnel seemed confident that Licciardi's symptoms were related to a concussion.

24.    Because the pain would not subside, Licciardi was admitted to SLV as

an in-patient on the late night of November 10, 2015. His attending physician during this time was Dr. Claud Bays. Licciardi was also seen by an physician's assistant, Mr. Michael Bonnet, who worked under the supervision of Dr. Bays. Bays made a working diagnosis that Licciardi was suffering from viral meningitis. Unlike a bacterial process, viral meningitis is a self-correction condition that generally resolved in seven to ten days.

25.     On November 11, 20015, Licciardi was seen by Dr. William Cooper, a neurologist employed by SLV. Dr. Cooper ordered an MRI, but failed to order an MRI with contrast. Only the non-contrasted MRI was ordered despite the fact that when Licciardi had been seen by Mr. Phillips on November 9, 2015, Mr. Phillips ordered an MRI of the head both with and without contrast. An MRI with contrast more fully delineates the presence of any foreign matter and therefore is necessary to rule out such things as abscess, pus, or empyema in the head. However, despite the order by Mr. Phillips for an MRI with contrast, it was never p[performed, as Dr. Cooper decided to do only an MRI without contrast.

26.     While admitted, an CT scan and an MRI , both without contrast, were performed on November 10 and 11, respectively .

27.     Dr. Steven Hake with Radiology and Imaging Consultants, P.C. analyzed the MRI and reported "bilateral maxillary mucosal thickening worse on the left." Dr. Jeffrey Freeman, also with Radiology and Imaging Consultants, P.C., analyzed the CT and did not find any abnormality. Neither Dr. Hake nor Dr. Freeman compared the scans of November 11 to the scan performed on November 4. If they had, they would have notice a worsening of the sinusitis between November 4 and November 11 as well as a significant increase in swelling of the front of the head between such dates.  In addition, the MRI of November 11 showed that pus appeared to be seeping into the brain resulting in the pooling of pus (known as an epidural abscess or empyema) in the brain.

28.     The presence of such foreign matter in the brain is a life-threatening emergency condition that must be addressed quickly. However, this condition was not addressed by Licciardi's medical providers as his treating physicians and radiologist misdiagnosed his condition, ignored the clear signs of an abscess or empyema, failed to conduct the proper scans to rule out these serious, life threatening conditions, and failed to properly compare his previous scans. Instead, on the morning of November 12, 2015, Licciardi was discharged from the SLV hospital. While Liccardi was admitted to SLV, Dr. Bays, who was Liccarid's "attending

physician," was obligated to supervise and control the treatment provided to Licciardi, The medical provider working under Dr. Bays' supervision and control was Mr.Bonnet. Both of them failed to secure a consultation from an ear, Nose and throat specialists  despite a clear showing that Licciardi was suffering from a severe sinus affliction, and had been suffering from such sinus affliction since November 2, 2015.

29.    Licciardi visted Valley-Wide again the next day, November 13, 2015 because his headache and facial pain started to return. At this time, Licciardi saw Mr. Phillips. Phillips ordered narcotic pain medication and sent Licciardi home.

30.    On Novmber 16, 2015, Licciardi's pain had again worsened. He returned to his primary care provider, Valley-Wide and saw Phillips again.  He exhibited the same symptoms (severe headache, vomiting, left facial pain, swollen head) and also had a swollen tongue. As before, Mr. Phillips simply provided Licciardi with narcotic pain medication and sent him home. Phillips did not follow-up on why an MRI with contrast, that he previously ordered, was not done. Instead, Phillips continued to treat him as if he had benign sinusitis or viral meningitis, which is a self-correcting condition not requiring immediate medical intervention.

31.     Licciardi again visited Valley-Wide  on November 19, 2015. Again he saw nurse practitioner, Kyle Phillips.  Mr. Phillips again merely provided multiple medications to mask Licciardi's pain, but did nothing to discover or rule out the true life-threatening conditions that Licciardi was suffering.

32.     Licciardi left for California on November 25, 2015 to visit his family for thanksgiving.  Licciardi's symptoms and pain had not resolved but worsened, as he was running out of the multiple pain medications prescribed to him in Colorado (which only served to mask his true condition). On November 27, 2015, he visited Loma Linda University Medical Center ("LLUMC") where he was seen by an Emergency Department physician.

33.     On November 29, 2015, Licciardi again presented himself to LLUMC's emergency room and underwent imaging that revealed that he was suffering from a subdural empyema (brain abscess).

34.     Licciardi had to undergo a craniotomy to address the empyema.  This was only partially successful, and given the severity of the condition, Licciardi has had to undergo multiple surgeries to his brain and has endured numerous strokes.

35.     Licciardi now suffers from permanent brain damage and permanent

neurological deficits. Licciardi has lost all motor skills to right side of his body, starting from his head to his feet. Christian also has lost cognitive skills and cannot understand conversations, or communicate other than offering simple, short-phrased words.

36.     As a result of defendants' negligence, plaintiff has been damaged in an amount to be proven at trial.

## FIRST CAUSE OF ACTION
### (MEDICAL NEGLIGENCE)
### (BY LICCIARDI AGAINST ALL DEFENDANTS)

37.     Licciardi incorporates by reference all of the paragraphs set for the above.

38.     Defendants failed to conform to the standard of care recognized in the community for the same medical professions practiced by defendants. Said care consists of, among other things:

    a.  Ruling out dangerous, serious, or life-threatening conditions and diseases and implementing the most effective treatments.

    b.  Properly reading the diagnostic scans that are undertaken.

c.  Properly taking into the account the history of the patient such as comparing earlier scans to show the progression of a disease.

d.  Listening and acknowledging the orders of other medical providers

e.  Not merely masking painful symptoms through a barrage of pain medicines.

f.  Not making proper referrals to proper specialist

g.  Misdiagnosing the primary disease process.

h.  Improperly releasing Licciardi from the hospital.

39.  As a result of the below standard of care practice, the defendants failed to properly diagnose or treat the conditions and disease that Licciardi was suffering. As a proximate and legal result of this practice, Licciardi has suffered severe and significant damage which will affect him for the remainder of his life. Such damages, among other things, will require the presence of lifetime, 24 hour care.  Licciardi, once a healthy male of 22, is now unable to undertake even the simplest of daily activities such as walking or talking.

## WHEREFORE, LICCIARDI PRAYS AS FOLLOWS:

1.  With respect to all causes of action for compensatory damages in an amount to be proven at trial.

2.      For prejudgment interest and costs and attorney's fees.

3.      For such other and further relief as the Court deems just and proper.

DATED this 27th day of March, 2018.

Respectfully submitted,

**WELLMAN & WARREN LLP**
Scott W. Wellman (CA SBN 82897)
Chris Wellman (CA SBN 304700)

s/Scott Wellman
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
Tel: (949) 580-3737
Fax: (949) 580-3738
E-mail address:  swellman@w-wlaw.com
                 cwellman@w-wlaw.com

LAW OFFICE OF KATHERINE WINDLER
Katherine Windler (CO SBN 25280)
3737 Gill Drive
Denver, CO 80209
Tel: (303) 888-4610
Cell:  (310) 699-2025
E-mail address:  kwindler@verizon.net

Attorneys for Plaintiff, Christian Licciardi

[CONTINUED ON THE FOLLOWING PAGE]

## DEMAND FOR JURY TRIAL

Licciardi hereby demands a trial by jury.

Dated: March 27, 2018

By: s/Scott Wellman
    Scott Wellman
    Chris Wellman
    Attorneys for Plaintiff, Christian
Licciardi

By: s/Katherine M. Windler
    Katherine M. Windler
    Attorneys for Plaintiff, Christian
Licciardi